1
2
3
4
5
6

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

7

Attorneys for Plaintiffs

8
9
10

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

GILLIAN DAVIDSON and SAMUEL DAVIDSON, on behalf of themselves and those similarly situated,

Plaintiffs,

v.

SPROUT FOODS INC.,

Defendant.

Case No.: _____

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW; FAL; COMMON LAW FRAUD; CONSUMERS LEGAL REMEDIES ACT; AND UNJUST ENRICHMENT**

**JURY TRIAL DEMANDED**

18
19
20
21
22
23
24
25
26
27
28

## I.   **INTRODUCTION**

1.     Plaintiffs Gillian Davidson and Samuel Davidson, by and through their counsel, bring this class action against Defendant Sprout Foods Inc. d/b/a Sprout ("Defendant") to seek redress for Defendant's deceptive and unlawful practices in labeling and marketing the Sprout brand baby and toddler food products.

2.     Parents are increasingly aware of the need to provide healthy food for their children, especially at the critical age of less than 2 years old. To make healthy food choices for their children, parents rely on nutritional information on food product labels.

3.     Intending to profit from parents' increasing desire to purchase health food for their young children, Defendant misbrands its baby and toddler food products by making nutrient content claims on the product packages that are strictly prohibited by the Food and Drug Administration ("FDA"), and by misleading purchasers into believing that its products are healthier than other products for children under two years of age in order to induce parents into purchasing Defendant's products.

4.     Defendant's misbranding caused Plaintiffs and members of the class to pay a price premium for the products.

## II.   **PARTIES**

5.     Gillian Davidson is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Oakland, California.

6.     Samuel Davidson is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Oakland, California. Samuel Davidson and Gillian Davidson are spouses.

7.     Defendant Sprout Foods Inc. d/b/a Sprout, is a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

### III.   JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and Plaintiffs and at least one Defendant are citizens of different states.

9.      The injuries, damages and/or harm upon which this action is based, occurred, or arose out of activities engaged in by Defendant within, affecting, and emanating from, the State of California. Defendant regularly conduct and/or solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from products provided to persons in the State of California. Defendant has engaged, and continue to engage, in substantial and continuous business practices in the State of California.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the state of California, including within this District.

11.    In accordance with California Civil Code Section 1780(d), Plaintiffs concurrently file herewith a declaration establishing that, at various times throughout the class period, they purchased the following Sprout Products: Pumpkin, Apple, Red Lentil, and Cinnamon; Strawberry with Banana & Butternut Squash; and Sweet Potato, White Beans, and Cinnamon pouches in Oakland, California. (Plaintiffs' declarations are attached hereto as Exhibits B and C.)

12.    Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

### IV.   SUBSTANTIVE ALLEGATIONS

13.    Defendant manufactures, distributes, markets, advertises, and sells a variety of baby and toddler food products under the brand name "Sprout." Many of these products have packaging that predominately, uniformly, and consistently make nutrient content claims on the principal display panel of the product labels (the "Products"). A non-exhaustive list of the Products and the express nutrient content claims made on the product packages is attached hereto as **Exhibit A**.

14.    The Products are intended for children under the age of two. Many of the Products are baby food "pouches." These pouches that contain pureed baby food were

introduced to the market over a decade ago, and as of 2018, accounted for 25 percent of baby food sales in the United States.

15.   FDA regulations explicitly prohibit certain nutrient content claims on foods intended for children under the age of two. 21 C.F.R. § 101.13(b)(3).

16.   An ever-growing industry, there is seemingly no limit to the combination of foods that can go into baby food pouches, as evidenced by the wide array of flavors of the Products. Looking for a way to differentiate itself in the growing market, Defendant has turned to making nutrient content claims on the front of the Product labels.

17.   For example, Defendant has a line of "Power Pak" baby food pouches called that states on the front label, "3g of Protein, 5g of Fiber and 300mg Omega-3 from Chia ALA" and "12 Months & Up." An exemplar is shown below:



18.   Another line of pouches advertises "plant protein power" and states on the front label "2 grams of Plant Protein Power" and "6 Months & Up." An exemplar is shown below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



19.     As described in detail below, Defendant's advertising and labeling of the Products with express nutrient content claims is unlawful, misleading, deceptive, and intended to induce consumers to purchase the Products at a premium price. These claims deceive and mislead reasonable consumers into believing that the Products will provide more benefits than its competitors, and induces parents to purchase the Products despite a lack of evidence that an increased intake for the nutrients advertised are appropriate or recommended for infants and toddlers less than 2 years of age.

**Federal and State Regulations Governing Food Labeling**

20.     The Food and Drug Administration regulates nutrition content labeling. According to these regulations, "no nutrient content claims may be made on food intended specifically for use by infants and children less than 2 years of age," subject to certain exceptions not applicable here. 21 C.F.R. § 101.13(b)(3).

21.     According to the regulations, nutrient content claims can be expressed or implied. 21 C.F.R. § 101.13(b)(1), 21 C.F.R. § 101.13(b)(2).

22.     An express nutrient content claim is "any direct statement about the level (or range) of a nutrient in the food." 21 C.F.R. § 101.13(b)(1). Further, where information that is required or permitted to be "declared in nutrition labeling, and that appears as part of the

nutrition label . . . is declared elsewhere on the label or in labeling, it is a nutrient content claim and is subject to the requirements for nutrient content claims." 21 C.F.R. § 101.13(c).

23.     Identical federal and California laws regulate the content of labels on packaged food and require truthful, accurate information on the labels of packaged foods. The requirements of the federal Food, Drug & Cosmetic Act ("FDCA"), and its labeling regulations, including those set forth in 21 C.F.R. § 101, were adopted by the California legislature in the Sherman Food Drug & Cosmetic Law (the "Sherman Law"). California Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state."). The federal laws and regulations discussed herein are applicable nationwide to all sales of packaged food products. Additionally, no state imposes different requirements on labeling of packaged food for sale in the United States.

24.     Under the FDCA, the term "misleading" covers labels that are technically true, but are likely to deceive consumers. Under the FDCA, if any single representation on the labeling is misleading, the entire food is misbranded, and no other statement in the labeling can cure a misleading statement.

25.     Further in addition to its blanket adoption of federal labeling requirements, California has also enacted a number of laws and regulations that adopt and incorporate specific numerated federal food laws and regulations. *See* California Health & Safety Code § 110660 (misbranded if label is misleading).

26.     Under California law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, sold, or possessed. Misbranded products have no economic value and are legally worthless.

27.     Representing that the Products will provide certain health benefits by making unlawful nutrient content claims as Defendant's labels do is prohibited by the aforementioned misbranding laws and regulations.

28.     The regulations relating to nutrient content claims discussed herein are intended to ensure that consumers are not misled as to the actual or relative levels of nutrients in food products.

## Defendant's Marketing and Labeling of the Products Violates State and Federal Food Labeling Laws

29.     The Products are unlawful, misbranded, and violate the Sherman Law, California Health & Safety Code § 110660, *et seq.*, because the Products are intended for children less than 2 years of age and the Products' labels contain nutrient content claims.

30.     The Products at issue in this case are intended for children 8 months and up, if not younger.

31.     Some Product labels explicitly state on the label the age for which the Product is intended.  For example, the Sprout Power Pak Apple with Superblend Blueberry Plum Pouch is labeled "12 Months & Up."  The Sprout Butternut Chickpea Quinoa Dates Pouch is labeled "8 Months & Up."

32.     Other Product labels do not include an intended age.  However, the Products are in the "Baby Food" grocery store aisles, alongside similar puree pouch products.

33.     Defendant misbrands the Products by making nutrient content claims that are strictly prohibited by the FDA, and by misleading purchasers into believing that its products are healthier in order to induce parents into purchasing the Products.

34.     All the Product labels contain impermissible express nutrient content claims. As shown in **Exhibit A**, the Product labels prominently state nutrient content claims on the front label such as "3g of Protein, 4g of Fiber and 300mg Omega-3 from Chia ALA." The grams of protein and fiber appear in the nutrition facts panel and are therefore nutrient content claims when stated elsewhere on the label. 21 C.F.R. § 101.13(c). The statement of the presence of other nutrients are also express nutrient content claims because it is a direct statement about the level of a nutrient in the product. *See* 21 C.F.R. § 101.13(b)(1).

35.     Foods intended for children less than two are prohibited from making such nutrient content claims. 21 C.F.R. § 101.13(b)(3).  Therefore, the Products are accordingly misbranded.

36.     Defendant's marketing, advertising, and sale of the Products violates the false advertising provisions of the Sherman Law (California Health & Safety Code § 110390, *et. seq.*), including but not limited to:

a.     Section 110390, which makes it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product;

b.     Section 110395, which makes it unlawful to manufacture, sell, deliver, hold, or offer to sell any falsely or misleadingly advertised food; and

c.     Sections 110398 and 110400, which make it unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely or misleadingly advertised.

37.     Defendant's marketing, advertising, and sale of the Products violates the misbranding provisions of the Sherman Law (California Health & Safety Code § 110660, *et. seq.*), including but not limited to:

a.     Section 110665 (a food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in 21 U.S.C. Sec. 343(q));

b.     Section 110760, which makes it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded;

c.     Section 110765, which makes it unlawful for any person to misbrand any food; and

d.     Section 110770, which makes it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food.

38.     Defendant has violated 21 U.S.C. § 343(a), and the standards set by FDA regulations, including, but not limited to, 21 C.F.R. §§ 101.13(b), 101.13(c), which have been

incorporated by reference in the Sherman Law, by including impermissible nutrient content claims on the labels of foods intended for children less than 2 years of age.

39.     A reasonable consumer would rely on the label claims to purchase the product. For example, a reasonable consumer would believe that because Defendant labeled the Products as containing certain nutrients and as being nutritious, that they were superior to other similar products that do not make the impermissible claims. A reasonable consumer would also believe that the Product label's inclusion of the nutrient content claims means that an increased intake of those nutrients would be beneficial for his or her child.

40.     Defendant intends for and know that consumers will and do rely upon food labeling statements in making their purchasing decisions. Label claims and other forms of advertising and marketing drive product sales, particularly if placed prominently on the front of product packaging, as Defendant has done on the Product labels.

41.     Because consumers pay a price premium for Products that have a nutrient content claim, by labeling the Products as providing nutritional value, Defendant is able to both increase its sales and retain more profits.

42.     Defendant engaged in the practices complained of herein to further its private interests of: (i) increasing sales of its Products while decreasing the sales of competitors' products that do not make unlawful nutrient content claims, and/or (ii) commanding a higher price for the Products because consumers will pay more for them due to consumers' demand for healthful products for their children.

43.     The market for baby food pouch products continues to grow, and because Defendant knows consumers rely on the nutrient content claims on the Product labels, Defendant has an incentive to continue to make such misleading and unlawful representations.

44.     Defendant continues to launch new product lines with nutrient content claims to maintain its competitive edge, making it likely that Defendant will continue to misleadingly advertise its Products.

## V.    PLAINTIFFS' EXPERIENCE

**Gillian Davidson**

45.    During the last four years, Ms. Davidson purchased several Sprout Organic food pouches for her child starting when her child was under 2 years of age, including each of the following varieties: Pumpkin, Apple, Red Lentil, and Cinnamon; Strawberry with Banana & Butternut Squash; and Sweet Potato, White Beans, and Cinnamon. She purchased the products primarily from Amazon.com.

46.    Ms. Davidson made each of her purchases after reading the nutrient content claims on the product labels, including, for example, "Contains 3g of Protein." She purchased the Products instead of other products, because she believed the Products to be superior in providing nutrition for her child.

47.    As a result of Defendant's unlawful nutrient content claims, the Products have no, or at a minimum, a much lower value to Ms. Davidson.

48.    Ms. Davidson not only purchased the Products because the labels contained nutrient content claims, but she also paid more money for the Products than she would have paid for them if they did not contain nutrient content claims.

49.    Had Defendant not unlawfully and misleadingly labeled the Products, Ms. Davidson would not have purchased them or, at a very minimum, she would have paid less for the Products.

50.    Ms. Davidson continues to desire to purchase pouch products, including those marketed and sold by Defendant. If the Products did not contain deceptive and misleading labels, Plaintiffs would likely purchase the Products again in the future. Ms. Davidson regularly shops at stores and online retailers where the Products and other baby food pouch products are sold.

**Samuel Davidson**

51.    During the last four years, Mr. Davidson purchased several Sprout Organic food pouches for his child starting when his child was under 2 years of age, including each of the following varieties: Pumpkin, Apple, Red Lentil, and Cinnamon; Strawberry with Banana &

Butternut Squash; and Sweet Potato, White Beans, and Cinnamon. He purchased the products primarily from Amazon.com.

52.    Mr. Davidson made each of his purchases after reading the nutrient content claims on the product labels, including, for example, "Contains 3g of Protein." He purchased the Products instead of other products, because he believed the Products to be superior in providing nutrition for his child.

53.    As a result of Defendant's unlawful nutrient content claims, the Products have no, or at a minimum, a much lower value to Mr. Davidson.

54.    Mr. Davidson not only purchased the Products because the labels contained nutrient content claims, but he also paid more money for the Products than he would have paid for them if they did not contain nutrient content claims.

55.    Had Defendant not unlawfully and misleadingly labeled the Products, Ms. Davidson would not have purchased them or, at a very minimum, he would have paid less for the Products.

56.    Mr. Davidson continues to desire to purchase pouch products, including those marketed and sold by Defendant. If the Products did not contain deceptive and misleading labels, Plaintiffs would likely purchase the Products again in the future. Mr. Davidson regularly shops at stores where the Products and other baby food pouch products are sold.

57.    Plaintiffs and members of the Class have been economically damaged by their purchase of the Products because the advertising for the Products was and is misleading under California law and the products are misbranded; therefore, the Products are worth less than what Plaintiffs and members of the Class paid for them.

## VI.    CLASS ALLEGATIONS

58.    Plaintiffs bring this class action lawsuit on behalf of themselves and a proposed class of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek to represent the following group of similarly situated persons, defined as follows:

Class: All persons in the State of California who purchased the Products between February 18, 2018 and the present.

59.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

60.     Numerosity: Plaintiffs do not know the exact size the Class, but they estimate that it is composed of more than 100 persons. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

61.     Common Questions Predominate: This action involves common questions of law and fact to the Class because each class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led them to rely on the unlawful nutrient content claims on the Product labels. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. The questions of law and fact common to the Class are:

a.     Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and/or unlawful;

b.     Whether Defendant's actions violate Federal and California laws invoked herein;

c.     Whether labeling the Products with unlawful nutrient content claims causes the Products to command a price premium in the market as compared with similar products that do not make such unlawful claims;

d.     Whether Defendant's advertising and marketing regarding the Products was likely to deceive reasonable consumers;

e.     Whether representations regarding the nutrient content of the Products are material to a reasonable consumer;

f.     Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

g.      The amount of profits and revenues earned by Defendant as a result of the conduct;

h.      Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

i.      Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

62.    Typicality: Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct engaged in by Defendant in violation of law as complained of herein. Further, the damages of each member of the Class were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.

63.    Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiffs also have no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent her interests and that of the class. By prevailing on their own claims, Plaintiffs will establish Defendant's liability to all class members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

64.    Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

65.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VII.   CAUSES OF ACTION

Plaintiffs do not plead, and hereby disclaim, causes of action under the FDCA and regulations promulgated thereunder by the FDA. Plaintiffs rely on the FDCA and FDA regulations only to the extent such laws and regulations have been separately enacted as state law or regulation or provide a predicate basis of liability under the state and common laws cited in the following causes of action.

**PLAINTIFFS' FIRST CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*)**
**On Behalf of Themselves and the Class**

66.     Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

67.     Plaintiffs and other subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

68.     The Products that Plaintiffs (and other similarly situated subclass members) purchased from Defendant were "goods" within the meaning of California Civil Code § 1761(a).

69.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

70.     Defendant's acts and practices, set forth in this Class Action Complaint, led Plaintiffs and other similarly situated consumers to falsely believe that the Products were superior to other products and would provide increased nutritional value for their babies. By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), and § 1770(a)(8) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendant's acts and practices constitute improper representations that the goods it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or misleading representation of fact.

71.     Plaintiffs request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiffs and the other members of the subclass will continue to suffer harm. Plaintiffs and those similarly situated have no adequate remedy at law to stop Defendant's continuing practices.

72.     Plaintiffs provided Defendant with notice and demand that Defendant corrects, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Despite receiving the aforementioned notice and demand, Defendant failed to do so in that, among other things, they failed to identify similarly situated customers, notify them of their right to correction, repair, replacement or other remedy, and/or to provide that remedy. Accordingly, Plaintiffs seek, pursuant to California Civil Code § 1780(a)(3), on

behalf of themselves and those similarly situated class members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

73.     Plaintiffs also request that this Court award their costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

**PLAINTIFFS' SECOND CAUSE OF ACTION**
**(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))**
**On Behalf of Themselves and the Class**

74.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

75.     Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the Class Action Complaint, Defendant made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of the Products.

76.     Defendant made representations and statements (by omission and commission) that led reasonable customers to believe that the Products that they were purchasing were superior to competitor products that did not contain unlawful nutrient content claims. Defendant's representations similarly led reasonable consumers to believe that the Product provided nutrients at levels that would be beneficial for their children.

**77.**     Plaintiffs and those similarly situated relied to their detriment on Defendant's misleading and deceptive advertising and marketing practices, including each of the unlawful claims set forth above. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, refraining from purchasing the Products or paying less for them.

78.     Defendant's acts and omissions are likely to deceive reasonable consumers and the general public.

79.     Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

80.     The aforementioned practices, which Defendant used, and continue to use, to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

81.     As a direct and proximate result of such actions, Plaintiffs and the other subclass members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs, and those similarly situated, paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's false, deceptive and misleading advertising. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis. Alternatively, Plaintiffs and those similarly situated will seek a full refund of the price paid upon proof that the sale of the Products was unlawful.

82.     Plaintiffs seek equitable relief, including restitution, with respect to their FAL claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs makes the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action will not succeed. Plaintiffs and the Class may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy at law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the FAL, because Plaintiffs may not be able to establish each Class member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the FAL does not require individualize proof of deception or injury by absent class members. *See, e.g., Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012) ("restitutionary relief under the UCL and FAL 'is available without individualized proof of deception, reliance, and injury.'"). In addition, Plaintiffs and the Class may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite *mens rea* (intent, reckless,

and/or negligence), because the FAL imposes no such *mens rea* requirement and liability exists even if Defendant acted in good faith.

83.    Plaintiffs seek, on behalf of themselves and those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

84.    Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which they are not entitled. Plaintiffs, those similarly situated and/or other California consumers have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## PLAINTIFFS' THIRD CAUSE OF ACTION
### (Common Law Fraud, Deceit and/or Misrepresentation)
### On Behalf of Themselves and the Class

85.    Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

86.    Defendant has fraudulently and deceptively included unlawful nutrient content claims on the Product labels.

87.    The unlawfulness of the claims was known exclusively to, and actively concealed by, Defendant, not reasonably known to Plaintiffs, and material at the time they were made. Defendant's unlawful statements concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Products. In misleading Plaintiffs and not so informing them, Defendant breached their duty to Plaintiffs. Defendant also gained financially from, and as a result of, their breach.

88.     Plaintiffs and those similarly situated relied to their detriment on Defendant's unlawful representations. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of them, or (iii) paying less for the Products.

89.     By and through such fraud, deceit, and unlawful representations, Defendant intended to induce Plaintiffs and those similarly situated to alter their position to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiffs and those similarly situated to, without limitation, purchase the Products.

90.     Plaintiffs and those similarly situated justifiably and reasonably relied on Defendant's unlawful representations, and, accordingly, were damaged by Defendant.

91.     As a direct and proximate result of Defendant's unlawful representations, Plaintiffs and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Products.

92.     Defendant's conduct as described herein was wilful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiffs and those similarly situated.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.*)**
**On Behalf of Themselves and the Class**

93.     Plaintiffs realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

94.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendant has engaged, and continue to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the conduct outlined in this Complaint.

95.     Defendant has engaged, and continue to engage, in unfair practices as described herein, in violation of the Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* (the "UCL"), by, without limitation, including unlawful nutrient content claims on

the Product labels and thereby selling Products that were not capable of being sold or held legally and which were legally worthless.

96.    Defendant has engaged, and continue to engage, in unlawful practices as described herein, in violation of the UCL, by, without limitation, violating the following laws:

(i) the CLRA as described herein; (ii) the FAL as described herein; (iii) the advertising provisions of the Sherman Law (Article 3), including without limitation, California Health & Safety Code §§ 110390, 110395, 110398 and 110400; (iv) the misbranded food provisions of the Sherman Law (Article 6), including without limitation, California Health & Safety Code §§ 110665, 110760, 110765, and 110770; and (v) and federal laws regulating the advertising and branding of food in 21 U.S.C. § 343, *et seq.* and FDA regulations, including but not limited to 21 C.F.R. §§ 101.13(b), which are incorporated into the Sherman Law (California Health & Safety Code §§ 110100(a), 110380, and 110505).

97.    Defendant has engaged, and continue to engage, in fraudulent practices as described herein, in violation of the UCL, by, without limitation, including unlawful nutrient content claims on the Product labels and thereby selling Products that were not capable of being sold or held legally and which were legally worthless.

**98.**    Plaintiffs and those similarly situated relied to their detriment on Defendant's unlawful, unfair, and fraudulent business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of the Products, or (iii) paying less for the Products.

99.    Defendant's acts and omissions are likely to deceive the general public.

100.    Defendant engaged in these deceptive and unlawful practices to increase their profits. Accordingly, Defendant has engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

101.    The aforementioned practices, which Defendant has used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

102.    As a direct and proximate result of such actions, Plaintiffs and the other subclass members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs and those similarly situated paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis. Alternatively, Plaintiffs and those similarly situated will seek a full refund of the price paid upon proof that the sale of the Products was unlawful.

103.    As a direct and proximate result of such actions, Defendant has enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

104.    Plaintiffs seek, on behalf of themselves and those similarly situated, equitable relief, including restitution for the premium and/or the full price that they and others paid to Defendant as result of Defendant's conduct. Plaintiffs and the Class lack an adequate remedy at law to obtain such relief with respect to their "unfairness" claims in this UCL cause of action, because there is no cause of action at law for "unfair" conduct. Plaintiffs and the Class similarly lack an adequate remedy at law to obtain such relief with respect to their "unlawfulness" claims in this UCL cause of action because the Sherman Law (Articles 3 and 6) and the Federal laws and regulations referenced herein do not provide a direct cause of action, so Plaintiffs and the Class must allege those violations as predicate acts under the UCL to obtain relief.

105.    Plaintiffs also seeks equitable relief, including restitution, with respect to their UCL unlawfulness claims for violations of the CLRA, FAL and her UCL "fraudulent" claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action do not succeed. Plaintiffs and the Class may be unable to obtain monetary, declaratory and/or injunctive relief directly under other

causes of action and will lack an adequate remedy of law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the UCL, because Plaintiffs may not be able to establish each Class member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the UCL does not require individualized proof of deception or injury by absent class members. *See, e.g., Stearns v Ticketmaster*, 655 F.3d 1013, 1020, 1023-25 (distinguishing, for purposes of CLRA claim, among class members for whom website representations may have been materially deficient, but requiring certification of UCL claim for entire class). In addition, Plaintiffs and the Class may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite *mens rea* (intent, reckless, and/or negligence), because the UCL imposes no such *mens rea* requirement and liability exists even if Defendant acted in good faith.

106. Plaintiffs seek, on behalf of themselves and those similarly situated, a declaration that the above-described trade practices are fraudulent, unfair, and/or unlawful.

107. Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the deceptive and/or unlawful trade practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which they were not entitled. Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

### PLAINTIFFS' FIFTH CAUSE OF ACTION
**(Unjust Enrichment)**
**On Behalf of Themselves and the Class**

108. Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

109. Plaintiffs and members of the Class members conferred a benefit on the Defendant by purchasing the Products.

110. Defendant has been unjustly enriched in retaining the revenues from Plaintiffs' and Class Members' purchases of the Products, which retention is unjust and inequitable, because Defendant sold Products that were not capable of being sold or held legally and which were legally worthless. Plaintiffs paid a premium price for the Products.

111. Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class members for its unjust enrichment, as ordered by the Court. Plaintiffs and those similarly situated have no adequate remedy at law to obtain this restitution.

112. Plaintiffs, therefore, seek an order requiring Defendant to make restitution to them and other members of the Class.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that the Court enter judgement against Defendant as follows:

A.     Certification of the proposed Class, including appointment of Plaintiffs' counsel as class counsel;

B.     An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Com-plaint;

C.     An award of compensatory damages in an amount to be determined at trial;

D.     An award of statutory damages in an amount to be determined at trial;

E.     An award of punitive damages in an amount to be determined at trial;

F.     An award of treble damages;

G.     An award of restitution in an amount to be determined at trial;

H.     An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I.     For reasonable attorney's fees and the costs of suit incurred; and

J.     For such further relief as this Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IX.   JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED: February 18, 2022

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier /s/*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

## EXHIBIT A

| | Product | Nutrient Content Claim |
|---|---|---|
| 1 | Sprout Butternut Carrot & Apple with Beef Broth Pouch | 2g of Protein from Beef Broth |
| 2 | Sprout Homestyle Vegetables & Pear with Chicken Broth Pouch | 2g of Protein from Chicken Broth |
| 3 | Sprout Apricot Banana Chickpea Fig Pouch | 2g of Plant Protein Power from Chickpeas |
| 4 | Sprout Carrot Chickpeas Zucchini Pear Pouch | 2g of Plant Protein Power from Chickpeas |
| 5 | Sprout Strawberry Apple Beet Red Beans Pouch | 2g of Plaint Protein Power from Red Beans |
| 6 | Sprout Sweet Potato White Beans with Cinnamon Pouch | 2g of Plant Protein Power from White Beans |
| 7 | Sprout Butternut Chickpea Quinoa Dates Pouch | 3g of Plant Protein Power from Chickpeas |
| 8 | Sprout Pumpkin Apple Red Lentil with Cinnamon Pouch | 3g of Plant Protein Power from Chickpeas from Red Lentils |
| 9 | Sprout Sweet Pea Carrot Corn White Bean Pouch | 3g of Plant Protein Power from White Beans |
| 10 | Sprout Apple with Superblend Blueberry Plum Pouch | 3g of Protein, 4g of Fiber and 300mg Omega-3 from Chia ALA |
| 11 | Sprout Kiwi with Superblend Banana Spinach Pouch | 3g of Protein, 3g of Fiber and 300mg Omega-3 from Chia ALA |
| 12 | Sprout Pear with Superblend Blackberry Banana Pouch | 3g of Protein, 4g of Fiber and 300mg Omega-3 from Chia ALA |
| 13 | Sprout Strawberry with Superblend Banana Butternut Squash Pouch | 3g of Protein, 5g of Fiber and 300mg Omega-3 from Chia ALA |
| 14 | Sprout Superblend with Apple Apricot Strawberry Pouch | 3g of Protein, 5g of Fiber and 300mg Omega-3 from Chia ALA |
| 15 | Sprout Berry Grape Smoothie Pouch with Coconut Milk, Veggies, and Flax Seed | 2g Protein and 3g Fiber |
| 16 | Sprout Blueberry Banana Smoothie Pouch with Coconut Milk, Veggies, and Flax Seed | 2g Protein and 3g Fiber |
| 17 | Sprout Peach Banana Smoothie Pouch | 3g Protein and 2g Fiber |
| 18 | Sprout Strawberry Banana Smoothie Pouch | 3g Protein and 2g Fiber |
| 19 | Sprout Butternut Squash with Peach & Pineapple Pouch | 2g Protein and 4g Fiber |
| 20 | Sprout Green Veggies with Pineapple & Apple Pouch | 2g Protein and 4g Fiber |
| 21 | Sprout Purple Carrot with Strawberry Grape & Sweet Potato Pouch | 2g Protein and 4g Fiber |
| 22 | Sprout Sweet Potato with Mango Apricot & Carrot Pouch | 2g Protein and 3g Fiber |
| 23 | Sprout Baby Burrito Bowl Meal | 5g Protein and 5g Fiber |

| 24 | Sprout Butternut Mac & Cheese Meal | 5g Protein and 2g Fiber |
| 25 | Sprout Pasta with Veggie Sauce Meal | 6g Protein and 4g Fiber |
| 26 | Sprout Veggie Power Bowl Meal | 5g Protein and 5g Fiber |

EXHIBIT A - PRODUCTS

DocuSign Envelope ID: EA990CCE-3E60-4E3D-A765-1B7AB0A3BE8A

**EXHIBIT B**

I, Samuel Davidson, declare:

1.      I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.      I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.      As set forth in my Complaint, I purchased Sprout Pumpkin Apple Red Lentil with Cinnamon Pouches and the Sprout Sweet Potato White Beans with Cinnamon pouches from stores in Oakland, California, and amazon.com.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on ___2/19/2022___, in Oakland, California.

DocuSigned by:

*Samuel Davidson*

E6A7D81A8B35481...

Samuel Davidson

- 1 -

EXHIBIT B - DECLARATION OF PLAINTIFF SAMUEL DAVIDSON

**EXHIBIT C**

I, Gillian Davidson, declare:

1.      I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.      I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.      As set forth in my Complaint, I purchased Sprout Pumpkin Apple Red Lentil with Cinnamon Pouches and the Sprout Sweet Potato White Beans with Cinnamon pouches from stores in Oakland, California, and amazon.com.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on ___2/18/2022___, in Oakland, California.

_Gillian Davidson_
7E1EA7A17CBD409...
Gillian Davidson

---

- 1 -

EXHIBIT C - DECLARATION OF PLAINTIFF GILLIAN DAVIDSON