UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILLIAN DAVIDSON, et al.,

    Plaintiffs,

v.

SPROUT FOODS INC.,

    Defendant.

Case No. 22-cv-01050-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. Introduction

Plaintiffs Gillian and Samuel Davidson, a married couple, bring this putative class action against Defendant Sprout Foods Inc. ("Sprout"), which sells baby and toddler food products. Defendant brings a Rule 12(b)(6) motion to dismiss the Complaint. In the Complaint, Plaintiffs aver various violations of California law based on the inclusion of statements on Sprout products touting the nutrients included in its products, such as "3g of Protein" or "4g of Fiber." For the reasons explained below, plaintiffs aver nutrient content claims potentially violative of federal Food and Drug Administration ("FDA") regulations prohibiting such claims on products made specifically for children under two years of age. Plaintiffs have therefore stated a claim under the "unlawful" prong of California's Unfair Competition Law ("UCL"), and have also stated a claim for unjust enrichment. Plaintiffs have not, however, stated a claim for violation of the California Consumers Legal Remedies Act ("CLRA"), the California False Advertising Law ("FAL"), common law fraud, or the "fraudulent" prong of their UCL claim. The motion to dismiss is

therefore granted in part and denied in part. Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument, and the hearing scheduled for July 14, 2022 is vacated.

## II. Background

### A. Factual Background[1]

On February 19, 2022, the Davidsons filed this putative class action. Sprout sells branded baby and toddler food products. Plaintiffs aver that "Defendant misbrands its baby and toddler food products by making nutrient content claims on the product packages that are strictly prohibited by the Food and Drug Administration . . . and by misleading purchasers into believing that its products are healthier than other products for children under two years of age in order to induce parents into purchasing Defendant's products." Complaint, ¶ 3. During the putative class period, Plaintiffs stated that they purchased two types of Sprout pouches: Pumpkin, Apple, Red Lentil, and Cinnamon and Sweet Potato, White Beans, and Cinnamon.[2] *Id.* at ¶ 11; Exhibits B and C. The products addressed in this lawsuit contained statements about nutrition content in the front panel of the packaging, such as "3g of Protein, 4g of Fiber and 300mg Omega-3 from Chia ALA." *Id.* at ¶ 34. This same information—along with additional nutrition information—was also included in the Nutrition Facts Panel on the back of the packaging.

Plaintiffs bring the following claims for relief: (1) violation of the CLRA, California Civil Code § 1750, *et seq.*; false advertising in violation of California Business and Professions Code § 17500, *et seq.*; (3) common law fraud, deceit, and/or misrepresentation; (4) unlawful, unfair, and fraudulent trade practices in violation of Business and Professions Code § 17200, *et seq.*; and (5) unjust enrichment.

---

[1] Unless noted otherwise, all facts recited are from the Complaint, and are taken as true for the purposes of a Rule 12(b)(6) motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

[2] The Complaint states that Plaintiffs also purchased the Strawberry with Banana & Butternut Squash product, but this product is not listed in the Plaintiffs' declarations.

### B. Background on Nutrient Content Claims and FDA Regulation

Aside from exceptions made by regulation, "no nutrient content claims may be made on food intended specifically for use by infants and children less than 2 years of age[.]" 21 C.F.R. § 101.13(b)(3). A nutrient content claim may be express or implied. "An expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'" *Id.* at § 101.13(b)(1). An implied nutrient claim is one that either "[d]escribes the food or an ingredient therein in a manner that suggests that a nutrient is absent or present in a certain amount (e.g., 'high in oat bran')" or "[s]uggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices and is made in association with an explicit claim or statement about a nutrient (e.g., 'healthy, contains 3 grams (g) of fat')." *Id.* at § 101.13(b)(2).

## III. Legal Background

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

When a claim is "grounded in fraud[,]" the pleading as a whole "must satisfy the

particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)). Plaintiffs do not respond to Defendant's assertion that Rule 9(b) applies to their pleading, and thus the particularity requirement is applied when analyzing this motion to dismiss.[3]

### B. California Statutes

Plaintiff avers violations of the UCL, FAL, and CLRA. The UCL "bars 'unfair competition' and defines the term as a 'business act or practice' that is (1) 'fraudulent,' (2) 'unlawful,' or (3) 'unfair.'" *Shaeffer v. Califia Farms*, *LLC*, 44 Cal. App. 5th 1125, 1135 (2020). "Each is its own independent ground for liability under the unfair competition law, but their unifying and underlying purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Id.* (internal quotation marks and citations omitted).

"California's false advertising law bars 'any advertising device . . . which is untrue or misleading.'" *Id.* (quoting Cal. Bus. & Prof. Code § 17500). "[T]his law and the fraudulent prong of the unfair competition law substantively overlap[,]" and thus "plaintiff's burden under these provisions is the same[.]" "[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) (internal quotation marks and citation omitted).

The CLRA defines various "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Some of the unfair methods or acts included are "[r]epresenting

---

[3] Even if Rule 9(b) was inapplicable, the result would be the same under the Rule 12(b)(6) standard.

that goods . . . have . . . characteristics [or] . . . benefits . . . that they do not have[,]" and "[r]epresenting that goods . . . are of a particular standard, quality, or grade . . . if they are of another[.]" *Id.* The UCL, FAL, and CLRA all utilize the reasonable consumer standard, *Califia*, 44 Cal. App. 5th at 1136, "which requires a plaintiff to show potential deception of consumers acting reasonably in the circumstances-not just any consumers." *Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1304 (2011).

## IV. Discussion

### A. Standing

As a threshold matter, Defendant argues that Plaintiffs lack Article III and statutory standing to challenge label statements on products they did not see or buy. Plaintiffs purchased two products from Sprout, but challenge the labelling on 26 Sprout products. For Article III standing, a plaintiff must allege an injury-in-fact, and for statutory standing under the UCL and FAL, Plaintiffs must show they "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. Similarly, for the CLRA, the plaintiff must show "economic injury[.]" *Victor v. R.C. Bigelow, Inc.*, 13–cv–02976–WHO, 2014 WL 1028881, at *5 (N.D. Cal. Mar. 14, 2014); *see also Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *2-3 (N.D. Cal. Jan. 10, 2011) (analyzing statutory standing jointly for FAL, UCL, and CLRA claims).

Other courts in this district have held that "a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861, 869 (N.D. Cal. 2012). In many of these cases, "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012). Like in *Astiana*, which concerned labels for different varieties of ice cream products, "Plaintiffs are challenging the same basic mislabeling practice across different product flavors[,]" and thus there is sufficient similarity. *Id.* at *13. Exhibit A to Plaintiffs' complaint is a

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 22-cv-01050-RS
5

chart listing each challenged product and the nutrient content claim. Each of these claims is similar in nature and includes the amount in grams of at least one of the following nutrients: protein, fiber, or Omega-3. As in *Astiana* and other similar cases, "concerns . . . about material differences are better addressed at the class certification stage rather than at the 12(b)(6) stage." *Id.* In short, Plaintiffs have Article III and statutory standing to pursue their claims despite not having seen or purchased all of the challenged products.

### B. UCL Unlawfulness Claim

The UCL provides for a cause of action to challenge "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising[.]" Cal. Bus. & Prof. Code § 17200. Plaintiffs are pursuing both "unlawful" and "fraudulent" theories of violation of the UCL.[4] For the "unlawful" theory, Plaintiffs argue that the labels contained nutrient content claims in violation of state laws and FDA regulation, and thus Sprout engaged in an unlawful business act or practice. "To prevail on a claim under the unlawful prong of the unfair competition law, the plaintiff must show that a challenged advertisement or practice violates any federal or California statute or regulation." *Califia*, 44 Cal. App. 5th at 1136 (internal quotation marks and citation omitted).

Defendant argues that its labels did not violate FDA regulations, and thus there was no unlawful practice. Whether the labels are in violation of FDA regulations depends on whether the statements on labels such as "2g of Plant Protein Power from White Beans," "3g of Fiber," and "300mg Omega-3 from Chia ALA" are nutrient content claims as defined by FDA regulations. While permitted for products for older children and adults, nutrient content claims are not permitted for products intended for specific use by children below two years of age. 21 C.F.R. § 101.13(b)(3). Defendant does not contest that the challenged products are made specifically for

---

[4] In their opposition, Plaintiffs do not defend their Complaint under an "unfair" theory of violation. Defendant argues that the failure to defend the "unfair" prong means the UCL claim should be dismissed, but as explained below Plaintiffs have adequately pled a violation of the "unlawful" prong, and thus the claim survives this motion to dismiss under that theory.

children under the age of two, and the Complaint contains images of two of the challenged products with statements "12 Months & Up" and "6 Months & Up" on the labels. Complaint, ¶¶ 17-18. Thus, FDA regulation prohibits nutrient content claims on the challenged products.

What counts as a nutrient content claim is not clear at first glance. As the regulation itself states, information that is included on the back of the packaging in a Nutrition Facts Panel may be a nutrient content claim. *See* 21 C.F.R. § 101.13(b)(1) (providing as an example of an express nutrient content claim a package that states the food "contains 100 calories"). Defendant points to language on the FDA website, however, that appears to contradict the regulation:

> Nutrient content claims describe the level of a nutrient in the product, using terms such as free, high, and low, or they compare the level of a nutrient in a food to that of another food, using terms such as more, reduced, and lite. An accurate quantitative statement (e.g., 200 mg of sodium) that does not otherwise "characterize" the nutrient level may be used to describe the amount of a nutrient present. However, a statement such as "only 200 mg of sodium" characterizes the level of sodium by implying that it is low.

*See FDA, Label Claims for Conventional Foods and Dietary Supplements*, available at https://www.fda.gov/food/food-labeling-nutrition/label-claims-conventional-foods-and-dietary-supplements.

The Ninth Circuit, however, has weighed in on whether the repetition of information on a Nutrition Facts Panel can constitute a nutrient content claim when placed elsewhere on the label. In *Hawkins v. Kroger Company*, 906 F.3d 763 (9th Cir. 2018), the court noted that "the manufacturer was required to state that the product had '0g trans fat per serving' within the Nutrition Facts Panel" but that "this requirement did not give the manufacturer license to make the same claim elsewhere on the product, and the rest of the product labeling was subject to the rules governing nutrition content claims[.]" *Id.* at 771. Notably, Defendant fails to discuss *Hawkins* in its motion or reply, even after Plaintiffs' discussion of the case in their opposition. Like in *Hawkins*, the inclusion of statements on the challenged products about levels of a nutrient is a nutrient content claim, even if the information was also included in the Nutrient Facts Panel.

As to Defendant's argument about guidance from the FDA on its website, even though the

1   FDA website appears to suggest that Sprout's statements about the levels of nutrients are not
2   nutrient content claims, the clear text of the regulation and Ninth Circuit decisions state otherwise.
3   Those authorities cannot be ignored. Since the labels contain nutrient content claims in violation
4   of FDA regulation, Plaintiffs have adequately alleged that Defendant engaged in an unlawful
5   practice.

**C.  CLRA, FAL, Common Law Fraud, and UCL Fraudulent Practice Claims**

The CLRA, FAL, UCL "fraudulent" prong, and common law fraud claims all require establishing that Defendant's practices would mislead a reasonable consumer. *See Hill*, 195 Cal. App. 4th at 1301 (concluding "no reasonable consumer would be misled" by the defendant's representations in a case alleging CLRA, FAL, common law fraud, and UCL claims). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). That general principle, however, does not mean granting a motion to dismiss as to whether the reasonable consumer requirement is met may never happen. Here, no reasonable consumer would be misled by the inclusion of truthful statements about nutrient contents on the front of the challenged labels, and thus Plaintiffs have not stated a claim for the violation of any of these laws.

Plaintiff has two theories of how a consumer would be misled by the inclusion of nutrient content claims. First, Plaintiffs argue that "the claims lead consumers to believe that an increased intake of the advertised nutrients is important for their child when, in fact, such claims are prohibited because of the lack of evidence to support such a claim." Opposition to Motion to Dismiss, p.11. Second, Plaintiffs argue that "the claims mislead consumers to believe that the Products were superior to competitor products that did not contain unlawful nutrient content claims." *Id.* at p.12. Neither of these theories is compelling.

As for the first theory, there is no support in the Complaint for the proposition that there is a lack of evidence as to whether the nutrients touted on the label provide a benefit to children. Plaintiffs rely on a quote from the 1991 Federal Register which states "the agency lacks evidence that a more restrictive dietary pattern for other nutrients such as sodium or an increased intake for

nutrients such as fiber are appropriate and recommended for infants and toddlers." (Opp. at 11, quoting 56 Fed. Reg. 60421). This statement, from over thirty years ago, does not establish that there is no current evidence that the touted nutrients provide a benefit. There may indeed be current evidence that the nutrients in question do not benefit children, but this theory of how a reasonable consumer could be misled is not adequately pled.

The second theory is no more compelling. The statements about the nutrient contents are facially true, and do not invoke comparisons to other products. The California Court of Appeal in *Shaeffer v. Califia Farms* recognized that "statements a business affirmatively and truthfully makes about its product and which do not on their face mention or otherwise reference its competing products at all" exist at the far end of the spectrum of possibly misleading statements. 44 Cal. App. 5th at 1139. In *Califia*, the plaintiff challenged under the UCL, FAL, and CLRA the inclusion of the phrase "No Sugar Added" on the label of tangerine juice, and argued that statement was misleading because it implied competing products did contain added sugar, and that the juice in question contained less sugar than competing brands that did not have "No Sugar Added" on their labels. *Id.* at 1132-33. The court held that truthful statements that do not reference competing products "are not actionable as a matter of law." *Id.* at 1139. The *Califia* court emphasized that a reasonable consumer is unlikely to make the series of inferential leaps needed to reach the plaintiff's conclusion that the challenged statement implied other products contained added sugar or more sugar. *Id.* The court also reasoned that adopting the plaintiff's theory would place almost any advertisement truthfully touting a product's attributes at issue for litigation. *Id.*

The reasoning in *Califia* is persuasive and applicable here. The statements on the challenged Sprout labels, while in violation of FDA regulation, are fully truthful and contain the same information found elsewhere on the label. It requires many inferential leaps for a reasonable consumer to reach the conclusion that the absence of such language on other products would mean those products did not contain those same nutrients. Moreover, a consumer concerned about these issues could simply compare the Nutrition Facts Panel on each product he or she was interested in purchasing. "[N]o reasonable consumer would be misled" by the truthful statements on the label to

believe that other products did not contain these same nutrients and were therefore superior. *Hill*, 195 Cal. App. 4th at 1301.

In short, Plaintiffs have failed to show at the pleading stage that a reasonable consumer would be misled by the challenged statements on the Sprout product labels. The motion to dismiss is granted as to the FAL, CLRA, and common law fraud claims, as well as the "fraudulent" prong of the UCL claim.

### D. Unjust Enrichment

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). Further, at the pleading stage, an unjust enrichment claim may be duplicative of other claims. *See In re Safeway Tuna Cases*, No. 15-CV-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016). Defendant argues that the unjust enrichment claim is based on the same factual basis as the other claims, and thus "[b]ecause Plaintiffs 'failed to state claims under the California consumer protection statutes [due to implausibility], the unjust enrichment claim fails as well.'" Motion to Dismiss, p.19 (quoting *Chuang v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4286577, at *8 (C.D. Cal. Sept. 20, 2017)). Plaintiffs, however, have adequately stated a claim for their UCL "unlawful" claim. Further, Defendant does not make any argument about the substance of the unjust enrichment claim itself.[5] Thus, at this stage, the unjust enrichment claim may proceed.

---

[5] Plaintiffs may have difficulty proceeding on this claim as litigation continues. Plaintiffs aver that the products sold by Defendant were "legally worthless" and that "Plaintiffs paid a premium price for the Products." Complaint ¶ 110. As explained earlier, a reasonable consumer would not have been led to believe that the inclusion of statements about nutrient contents—that were truthful and legally appeared elsewhere on the packaging—made its products superior to competitor products. *See Califia*, 44 Cal. App. 5th at 1139. As such, establishing that the products were worthless or that Plaintiffs paid a premium for them may be difficult.

### E. Equitable Relief

The Ninth Circuit has held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm[.]" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Defendant argues that "Plaintiffs' FAL and UCL claims must be dismissed because they only allow for equitable relief, and the Complaint makes clear that legal remedies pleaded under the CLRA and common law fraud in the form of money damages are adequate." Motion to Dismiss, p.16. As explained above, however, the FAL, CLRA and common law fraud claims have not been adequately pled. Thus, as the Complaint currently stands, the UCL claim and the unjust enrichment claims are the only viable claims, and Defendant's arguments concerning the availability of legal remedies under the CLRA and common law fraud claims are moot.[6]

### V. Conclusion

For all the foregoing reasons, the motion to dismiss is denied as to the "unlawful" theory of the UCL claim and the unjust enrichment claim. The motion to dismiss is granted in all other respects. Plaintiffs are granted leave to amend. Should Plaintiffs choose to amend their complaint, the amended complaint is due within 30 days of the filing of this Order.

**IT IS SO ORDERED**.

Dated: July 11, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[6] Similarly, the argument that Plaintiffs cannot pursue injunctive relief because they have not alleged inadequate remedies at law is moot, because at this juncture Plaintiffs have not adequately pled their claims seeking legal remedies.