**GUTRIDE SAFIER LLP**
Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Marie A. McCrary (SBN 262670)
marie@gutridesafier.com
Hayley A. Reynolds (SBN 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs Gillian Davidson and Samuel Davidson.

**EVANS FEARS & SCHUTTERT LLP**
Elizabeth V. McNulty (SBN 192455)
emcnulty@efstriallaw.com
Christine D. Reynolds (SBN 265566)
creynolds@efstriallaw.com
Joshua D. Cools (SBN 319531)
jcools@efstriallaw.com
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660
Telephone: (949) 339-5026
Facsimile: (949) 966-0706

Attorneys for Defendant Sprout Foods, Inc.

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLIAN DAVIDSON and SAMUEL DAVIDSON, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPROUT FOODS INC.,<br><br>Defendant. | Case No. 4:22-cv-01050-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Richard Seeborg |

The parties, Gillian Davidson and Samuel Davidson ("Plaintiffs") and Sprout Foods Inc., ("Defendant"), submit this Joint Case Management Statement pursuant to this Court's April 7, 2022 Order (ECF 14), August 1, 2022 Order (ECF 28), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

**1.   Jurisdiction and Service**

On February 19, 2022, Plaintiffs commenced this putative class action by filing a Class Action Complaint in this Court. Defendant Sprout Foods Inc. was served on February 28, 2022. The Class Action Fairness Act of 2005, 28 U.S.C.A. § 1711, *et seq.*, provides the basis for the Court's subject matter jurisdiction over Plaintiffs' claims.

**2.   Facts:**

<u>Plaintiffs' Statement:</u>

Defendant manufactures, distributes, markets, advertises, and sells a variety of baby and toddler food products under the brand name "Sprout." Many of these products have packaging that predominately, uniformly, and consistently make nutrient content claims on the principal display panel of the product labels. The products are intended for children under the age of two. They are sold in the baby food aisle and labeled "6 Months & Up" on the principal display panel. Many of these products are baby food "pouches" that predominately, uniformly, and consistently make nutrient content claims, such as "plant protein power," and "2 grams of Plant Protein Power," on the principal display panel of the product labels (the "Products"). Plaintiffs allege that Defendant is unlawfully and misleadingly making nutrient content claims on the front of the Product labels when the FDA regulations explicitly prohibit nutrient content claims on food intended for children under two.

FDA regulations explicitly prohibit nutrient content claims on foods intended for children under the age of two. 21 C.F.R. § 101.13(b)(3). According to the regulations, an express nutrient content claim is "any direct statement about the level (or range) of a nutrient in the food." 21 C.F.R. § 101.13(b)(1). The Products, which are intended for children under two, include express nutrient content claims. For example, Defendant has a line of baby food

pouches called "Power Pak" that makes express nutrient content claims on the front label such as "3g of Protein, 5g of Fiber and 300mg Omega-3 from Chia ALA." These claims are unlawful. The claims also mislead reasonable consumers to believe the Products provide physical health benefits for their child when in fact, the Products are harmful for children under two both nutritionally and developmentally.

Identical federal and California laws regulate the content of labels on packaged food and require truthful, accurate information on the labels of the packaged foods. Under the FDCA, the term "misleading" covers labels that, while technically true, are likely to deceive consumers. Here, the unlawful nutrient content claims deceive consumers by making consumers think Defendant's Products are superior to competitor products that do not make unlawful claims and otherwise healthful sources of nutrients that cause parents to forego feeding young children foods recommended by the USDA dietary guidelines. Under the FDCA, if any single representation on the labeling is misleading, the entire food is misbranded, and no other statement in the labeling can cure a misleading statement. Under California law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, sold, or possessed. Misbranded products have no economic value and are legally worthless. Representing that the Products will provide specific health benefits by making unlawful nutrient claims as the Products' labels do renders the products misbranded.

Consumers pay a price premium for baby food and toddler food products that make nutrient content claims. Therefore, Defendant can increase their sales and retain more profits by labeling their products as providing enhanced nutritional value. Defendant continues to launch new product lines with nutrient content claims to maintain their competitive edge, making it likely that Defendant will continue to advertise their Products misleadingly.

Plaintiffs Gillian Davidson and Samuel Davidson are California Consumers who purchased the Products for their child when their child was under the age of two because the labels contained nutrient content claims. They believed the Products would be physically beneficial for their child. Had Defendant not unlawfully and misleadingly labeled the Products,

Plaintiffs would not have purchased them, or at the very minimum, would have paid less for the Products.

Defendant's Statement:

Sprout® is the brand name of a line of baby and toddler foods ("Sprout Products") manufactured by Sprout Foods, Inc. ("Sprout").

Only two Sprout Products were ever purchased by Plaintiffs Gillian Davidson and Samuel Davidson according to their sworn declarations, executed and lodged as attachments "B" and "C" to their Complaint (CM/ECF Dkt. 1.) The two Sprout Products purchased by Plaintiffs were "Sprout Pumpkin Apple Red Lentil with Cinnamon Pouches" and the "Sprout Sweet Potato White Beans with Cinnamon pouches." (*Id.*) The Sprout Products were purchased from "stores in Oakland, California, and amazon.com." (*Id.*)

Plaintiffs never purchased any of the following products: Butternut Carrot & Apple with Beef Broth Pouch; Homestyle Vegetables & Pear with Chicken Broth Pouch; Apricot Banana Chickpea Fig Pouch; Carrot Chickpeas Zucchini Pear Pouch; Strawberry Apple Beet Red Beans Pouch; Butternut Chickpea Quinoa Dates Pouch; Sweet Pea Carrot Com White Bean Pouch; Apple with Superblend Blueberry Plum Pouch; Kiwi with Superblend Banana Spinach Pouch; Pear with Superblend Blackberry Banana Pouch; Strawberry with Superblend Banana Butternut Squash Pouch; Superblend with Apple Apricot Strawberry Pouch; Berry Grape Smoothie Pouch with Coconut Milk, Veggies, and Flax Seed; Blueberry Banana Smoothie Pouch with Coconut Milk, Veggies, and Flax Seed; Peach Banana Smoothie Pouch; Strawberry Banana Smoothie Pouch; Butternut Squash with Peach & Pineapple Pouch; Green Veggies with Pineapple & Apple Pouch; Purple Carrot with Strawberry Grape & Sweet Potato Pouch; Sweet Potato with Mango Apricot & Carrot Pouch; Baby Burrito Bowl Meal; Butternut Mac & Cheese Meal; Pasta with Veggie Sauce Meal; and Veggie Power Bowl Meal ("Non-Purchased Products"). Plaintiffs lack standing to pursue redress for Sprout Products they neither purchased nor used, and labels that they did not observe or rely upon. Based on this Court's July 11, 2022, order, Sprout intends to contest Plaintiffs' purported standing at the class certification stage of this matter. (*See* ECF 23 at p.6.)

The labels on the two Sprout Products actually purchased by Plaintiffs contain the following statements: "3 Grams of Plant Protein Power from Red Lentils" and "2 Grams of Plant Protein Power from White Beans." Plaintiffs claim that these statements on the front of labels (or the "principal display panel") are express "nutrient content claims" under 21 C.F.R. § 101.13(B) and that by virtue of the fact that the products are *specifically intended for children under the age of 2,* the labeling violates the statute. However, the First Amended Complaint ("FAC") fails to state facts plausibly suggesting that Sprout Products are "intended specifically" for children under the age of 2, but rather avers generally that the Sprout Products can be found in the baby food aisle and that some of the packaging states that the Sprout Products are intended for children older than 6 months of age. These allegations fail to explain why the Sprout Products are intended *specifically* for children *under* the age of 2. Exhibit A to the FAC does little more to affirm that Sprout Products are intended *specifically* for children under the age of 2, as it simply lists the Intended Ages according to the labels which consist of either "6 Months & Up," "8 Months & Up," or "12 Months & Up."

Notably, Plaintiffs do not dispute that the FDA requires statements about the amount of nutrients, such as "3g of protein" or "4g of fiber" to be included in the Nutrition Facts Panel of all food labels. Rather, they claim that those same statements are "nutrient content claims when stated elsewhere on the label." Sprout denies that the Sprout Products are mislabeled or that the labels are unlawful. Sprout's factual statements are true and simply repeat information lawfully presented and required in the Nutrition Facts Panel. Plaintiffs' original Complaint failed to adequately allege any claims apart from the "unlawful" prong of their claim under the UCL and their unjust enrichment claim. (ECF 23.) Plaintiffs have since filed their FAC. (ECF 29.) Sprout will be filing a motion to dismiss the FAC accordingly. Sprout contends that Plaintiffs remain unable to resuscitate their unsupported claims for legal damages and further that any remaining purported claims are preempted as a matter of law. These arguments will be fully briefed in the forthcoming motion to dismiss.

Significantly, nowhere in the FAC do Plaintiffs aver that the nutrient statements are false or otherwise incorrect—nor can they. Rather, Plaintiffs claim, without any factual support, that

the nutrient labels will mislead consumers because they will be led to believe that Sprout Products are superior to competitors' products and that Plaintiffs would not have purchased the Sprout Products or would have paid less in the absence of these claims. But such claims are not cognizable under California law. "[S]tatements a business affirmatively and truthfully makes about a product and which do not on their face mention or otherwise reference its competing products" are "not actionable as a matter of law." *Schaeffer v. Califia Farms, LLC,* 44 Cal.App.5th 1125, 1139 (Cal. Ct. App. 2020).

### 3. Legal Issues:

Plaintiffs' Statement:

Plaintiffs allege violations of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*; False Advertising, Business, and Professions Code § 17500, *et seq.* ("FAL"); Common Law Fraud, Deceit and/or Misrepresentation; Unlawful, unfair, and fraudulent trade practices a violation of Business and Professions Code § 17200, *et seq.* ("UCL"); and Unjust Enrichment.

Defendant's Statement:

Defendant filed a motion to dismiss which was granted in part by this Court on July 11, 2022. (ECF 23.) While this Court ruled that the purported "nutrient content claims" were sufficiently similar in nature to survive the challenge to the original pleadings, it aptly noted that concerns about the material differences are better addressed at the class certification stage. Sprout maintains that Plaintiffs lack standing to challenge both the label statements on products they did not observe and the label statements on products they did not purchase. Plaintiffs' consumer deception claims under the CLRA, CAL, Common Law Fraud, and UCL are also remain untenable because the Sprout Products are not misbranded, set forth truthful information on the labels that cannot mislead or deceive, do not target specifically children under the age of 2 years, and do not make any reference to competing products. Further, Plaintiffs' claims for equitable relief fail as a matter of law because Plaintiffs cannot allege inadequate remedies at law or the requisite irreparable harm. These legal issues are more fulsomely briefed in the prior motion to dismiss and supporting papers. These issues, along with the preemption of Plaintiffs'

claims will again be more fulsomely briefed in the forthcoming motion to dismiss Plaintiffs' FAC.

In addition, Defendant contends Plaintiffs' action is an attempt to enforce purportedly applicable FDA regulations governing nutrient content claims against Defendants. But there is no private right of action to enforce these regulations, and Plaintiffs' improper attempt to do so is impliedly preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001). *See, e.g.*, *Chong v. KIND LLC,* F. Supp. 3d, 2022 WL 464149 at *3-4 (N.D. Cal. Feb. 15, 2022) (dismissing as impliedly preempted under *Buckman* a class action complaint alleging that food labels violate FDA regulations). Alternatively, the case should be stayed or dismissed pursuant to the primary jurisdiction doctrine. Plaintiffs do not have any legally cognizable injury, and Plaintiffs also do not have standing to seek injunctive relief.

**Motions:**

Defendant filed a motion to dismiss on March 21, 2022. (ECF 7.). On July 11, 2022, the Court granted in part and denied in part the motion to dismiss. The Court found Plaintiffs stated a claim under the UCL for violations of the Sherman Law. The Court gave Plaintiffs' leave to amend regarding allegations related to their misleading claims. Plaintiffs filed an amended complaint on August 10, 2022. (ECF 29.) Defendant's deadline to respond to the complaint is August 24, 2022.

Defendant filed a Motion for Protective Order on August 12, 2022. (ECF 30.) Plaintiffs' opposition is due August 26, 2022 and Defendant's reply is due September 2, 2022. A hearing on the motion is set for October 6, 2022.

Plaintiffs' Statement:

Plaintiffs anticipate filing a motion for class certification. Plaintiffs are hopeful that the parties will be able to resolve all their discovery disputes without the assistance of this Court, but disagreements about discovery are common in complex matters, and Plaintiffs may need to seek guidance on the scope or timing of that discovery. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

Defendant's Statement:

The Court's ruling on Defendant's motion to dismiss will impact the landscape of future anticipated motions. In the event any of Plaintiffs' claims survive, Defendant shares Plaintiffs' hope that the parties will be able to resolve all their discovery disputes without the assistance of the Court, but Defendant expressly declines to waive any rights to bring discovery motions as necessary in this case. Defendant also reserves the right to file other motions as appropriate, including but not limited to a dispositive motion for summary judgment (or partial summary judgment), motion for judgement on the pleadings, and pretrial motions, including motions in limine.

### 4. Amendment of Pleadings:

Plaintiffs' Statement:

Plaintiffs filed their first amended complaint on August 10, 2022. ECF 29. Depending on facts learned in discovery, Plaintiffs may seek to modify the proposed class. Moreover, as this is a class action, additional plaintiffs may seek to intervene or be added. Plaintiffs propose a deadline for amending pleadings nine (9) months after Defendant files its answer.

Defendant's Statement:

Defendant does not currently anticipate any amendments to the pleadings but, reserves the right to seek leave of Court to amend its pleadings as necessary. To the extent Plaintiffs amend their pleadings, Defendant reserves the right to further attack the sufficiency of any such amendment.

### 5. Evidence Preservation:

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiffs' Statement:

Plaintiffs have preserved evidence in their possession, custody, or control.

Defendant's Statement:

The parties are continuing to meet and confer regarding the proposed scope of ESI discovery and specifically will address the Northern District of California Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information.

**6.      Disclosures:**

The parties agreed to exchange initial disclosures by the time allowed by the applicable rules or as stipulated between the parties.

**7.      Discovery:**

The parties have stipulated to, and the Court has ordered, an ESI Protocol (ECF 25) and Protective Order (ECF 27) in this case.

Plaintiffs' Statement:

Plaintiffs served interrogatories and requests for production on Defendant on June 13, 2022. Plaintiffs agreed to extend Defendant's deadline to respond to the discovery until 14 days after an order on a motion to dismiss that allowed at least one claim to go forward. The Court issued its order on Defendant's motion to dismiss that allowed Plaintiff's UCL unlawfulness claim to proceed on July 11, 2022, triggering Defendant's response deadline to be July 25, 2022. Plaintiffs granted a second request for an extension to respond until August 12, 2022. On August 12, 2022, Defendant served objections to Plaintiffs' discovery requests and filed a motion for Protective Order. ECF 30. Defendants did not provide a substantive response to any of the interrogatories and did not produce (or agree to produce) any responsive documents.

Plaintiffs intend to depose Defendant and its employees with knowledge applicable to Plaintiffs' claims.

Plaintiffs may also subpoena third parties. Plaintiffs also anticipate deposing Defendant pursuant to Fed. R. Civ. Pro. 30(b)(6) and Defendant's employees with knowledge relevant to Plaintiffs' claims.

Defendant's Statement:

Defendant intends to serve written discovery, including interrogatories, request for production and requests for admission, and will take the Plaintiffs' depositions.  Defendant may

also subpoena third parties. Defendant anticipates the parties jointly proposing an appropriate protective order and an order regarding ESI to be submitted to the Court.

**8.     Class Action Matters:**

The Parties' Proposed Class Certification Schedule

| Brief | Deadline |
| --- | --- |
| Deadline for Plaintiffs to file their motion for class certification and any expert report(s) in support thereof | Eight (8) months after Defendant file its answer to the operative complaint |
| Deadline for Defendant to file its opposition to the motion for class certification and any expert report(s) in support thereof | Eight (8) weeks after Plaintiffs files their motion for class certification |
| Deadline for Plaintiffs to file their reply in support of the motion for class certification | Eight (8) weeks after Defendant file its opposition to the motion for class certification |

Plaintiffs' Statement:

Plaintiffs make the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b). Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

- Class: All persons in the State of California who purchased the Products between February 18, 2018 and the present.

Plaintiffs contend that this action involves common questions of law and fact to the Classes because each Class member's claim derives from deceptive, unlawful, or unfair statements and omissions that led them to rely on the unlawful nutrient content claims on the Product labels. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right to each member of the Classes to recover. The questions of law and fact common the Classes are:

a.     Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and/or unlawful;

b.     Whether Defendant's actions violate Federal and California laws invoked herein;

c. Whether labeling the Products with unlawful nutrient content claims causes the Products to command a price premium in the market as compared with similar products that do not make such unlawful claims;

d. Whether Defendant's advertising and marketing regarding the Products was likely to deceive reasonable consumers;

e. Whether representations regarding the nutrient content of the Products are material to a reasonable consumer;

f. Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

g. The amount of profits and revenues earned by Defendant as a result of the conduct;

h. Whether class members are entitled to restitution, injunctive, and other equitable relief and, if so, what is the nature (and amount) of such relief; and

i. Whether class members are entitled to payment of actual, incidental, consequential, exemplary, and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

Plaintiffs contend that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

Defendant's Statement:

In the event that Plaintiffs' claims survive a motion to dismiss the FAC and/or summary judgment, Defendant contends that Plaintiffs' class definition fails to meet the requirements of FRCP 23.

Defendant agrees with Plaintiffs' proposed class certification schedule.

**9. Related Cases**

The parties do not currently seek to deem any other pending cases "related" to this case.

**10. Relief:**

Plaintiffs' Statement:

As set forth in the First Amended Complaint, Plaintiffs seek damages, restitution, injunctive relief, costs, attorneys' fees, and any other relief that the Court may deem just and proper.

Defendant's Statement:

As will be set forth more fully in its motion to dismiss Plaintiffs' FAC, Defendant contends that Plaintiffs have failed to state a claim upon which relief can be granted and are not entitled to any of the relief sought in their complaint in this matter. Defendant respectfully requests the Court dismiss Plaintiffs' FAC in its entirely.

**11.    Settlement and ADR:**

No formal ADR efforts have been made to date.

**12.    Assignment to Judge Richard Seeborg for All Purposes:**

The case was assigned to Judge Richard Seeborg for all purposes on April 7, 2022 (ECF 14).

**13.    Other References:**

At this time, the Parties do not believe that these cases are suitable for MDL treatment or reference to binding arbitration or a special master.

**14.    Narrowing of Issues:**

Plaintiffs' Statement:

Plaintiffs do not propose any methods to narrow the issues.

Defendant's Statement:

At this time, Defendant does not propose any method to narrow the issues presented by this case, beyond what has already been presented in Defendant's motion to dismiss or which may be raised in a dispositive motion addressing preemption. Defendant reserves the right to make future proposals to the Court regarding potential methods to narrow the issues if, despite expectation, the Court denies the forthcoming motion to dismiss or Plaintiffs are provided leave to amend their FAC.

**15.    Expedited Trial Procedure:**

The Parties do not believe this case is suitable for treatment on an expedited basis.

- 12 -

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-01050-RS

**16. Scheduling:**

The Parties have proposed a schedule for briefing on the anticipated motion for class certification above in Section 8. The Parties propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the parties will be better able to assess the remaining discovery and experts needed.

**17. Trial:**

Plaintiffs have demanded a jury trial. The Parties believe it is premature to estimate the length of the trial at this time.

**18. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiffs' Statement:

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Plaintiffs Gillian Davidson and Samuel Davidson.

Putative class members

Defendant's Statement:

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Sprout Foods, Inc.

Sprout Organics

Neptune Wellness Solutions, Inc.

**19.  Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  Other Matters:**

None at this time.

Dated: August 22, 2022

**GUTRIDE SAFIER LLP**
By: /s/ Hayley Reynolds
Seth Safier (State Bar No. 197427)
Marie A. McCrary (State Bar No. 262670)
Hayley Reynolds (State Bar No. 306427)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs Gillian Davidson and Samuel Davidson.

Dated: August 22, 2022

**EVANS FEARS & SCHUTTERT LLP**

By: /s/Joshua Cools
Elizabeth V. Mcnulty (SBN 192455)
emcnulty@efstriallaw.com
Christine D. Reynolds (SBN 265566)
creynolds@efstriallaw.com
Joshua D. Cools (SBN 319531)
jcools@efstriallaw.com
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660
Telephone: (949) 339-5026
Facsimile: (949) 966-0706

Attorneys for Defendant Sprout Foods Inc.

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: August 22, 2022

/s/*Hayley Reynolds*

Hayley A. Reynolds
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469