UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLIAN DAVIDSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SPROUT FOODS INC.,<br><br>　　　　Defendant. | Case No. 22-cv-01050-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**I. INTRODUCTION**

Plaintiffs Gillian and Samuel Davidson bring this putative class action against Defendant Sprout Foods Inc. ("Sprout"), which sells baby and toddler food products. The First Amended Complaint ("FAC") avers violations of California law based on statements made on various Sprout products that tout the nutrients included in them, such as "3g of Protein" or "4g of Fiber." Defendant moves under Rule 12(b)(6) to dismiss the FAC in its entirety.

For the reasons stated below, the motion is granted. Plaintiffs have still not plausibly claimed that Defendant's labeling is misleading, and thus their claims under the California False Advertising Act ("FAL"), the California Consumer Legal Remedies Act ("CLRA"), common law fraud, and the "fraudulent" prong of the California Unfair Competition Law ("UCL") are dismissed, though with leave to amend. Further, Plaintiffs' claim under the "unlawful" prong of the UCL is preempted by federal law and must be dismissed. Without any other viable claims, Plaintiffs' unjust enrichment claim must also be dismissed.

## II. BACKGROUND[1]

Sprout sells branded baby and toddler food products, including (but not limited to) pouches of puréed baby food. Plaintiffs purchased three types of these pouches for their child: "Pumpkin, Apple, Red Lentil, and Cinnamon; Strawberry with Banana & Butternut Squash; and Sweet Potato, White Beans, and Cinnamon." Dkt. 29 ("FAC") ¶¶ 11, 69, 75; *see id.* Exs. B, C.[2] These pouches, along with a number of other Sprout products addressed in the FAC (collectively, "the Products"), contained statements about nutrition content in the front panel of the packaging, such as "3g of Protein, 4g of Fiber and 300mg Omega-3 from Chia ALA." *Id.* ¶ 18. This same information — along with additional nutrition information — was also included in the Nutrition Facts Panel on the back of the packaging. Plaintiffs argue that these statements constitute "nutrient content claims" and thus violate Food and Drug Administration ("FDA") regulations that prohibit manufacturers from including such claims on "food intended specifically for use by infants and children less than 2 years of age." 21 C.F.R. § 101.13(b)(3). They further allege that these statements "deceive and mislead reasonable consumers into believing that the Products provide physical health benefits for their child when in fact, the Products are harmful for children under two both nutritionally and developmentally." FAC ¶ 20.

Defendant moved to dismiss Plaintiffs' original Complaint, and that motion was granted with respect to the fraud-based claims and otherwise denied. *See* Dkt. 23. Plaintiffs filed an amended complaint that presents five claims for relief: (1) violation of the CLRA; (2) violation of the FAL; (3) common law fraud; (4) violation of the "unlawful" and "fraudulent" prongs of the UCL; and (5) unjust enrichment. Defendant now moves to dismiss the FAC in its entirety.

---

[1] Unless noted otherwise, all facts recited are from the FAC and must be taken as true for the purposes of a Rule 12(b)(6) motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

[2] The FAC states that Plaintiffs purchased all three types of pouches, but their declarations do not state that either purchased the Strawberry with Banana & Butternut Squash pouch. *See* FAC, Exs. B, C.

### III. LEGAL STANDARD

**A. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

When a claim is "grounded in fraud," the pleading as a whole "must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)).

**B. California Statutes**

Plaintiffs aver violations of the UCL, FAL, and CLRA. The UCL "bars 'unfair competition' and defines the term as a 'business act or practice' that is (1) 'fraudulent,' (2) 'unlawful,' or (3) 'unfair.'" *Shaeffer v. Califia Farms*, *LLC*, 44 Cal. App. 5th 1125, 1135 (2020). "Each is its own independent ground for liability under the unfair competition law, but their unifying and underlying purpose is to protect both consumers and competitors by promoting fair

1    competition in commercial markets for goods and services." *Id.* (internal quotation marks and
2    citations omitted).
3        The FAL "bars 'any advertising device . . . which is untrue or misleading.'" *Id.* (quoting
4    Cal. Bus. & Prof. Code § 17500). "[T]his law and the fraudulent prong of the unfair competition
5    law substantively overlap," and thus "plaintiff's burden under these provisions is the same." *Id.* at
6    1136. "[T]o state a claim under either the UCL or the [FAL], based on false advertising or
7    promotional practices, it is necessary only to show that members of the public are likely to be
8    deceived." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) (internal quotation marks omitted).
9        The CLRA defines various "unfair methods of competition and unfair or deceptive acts or
10   practices." Cal. Civ. Code § 1770. Some of these unfair methods or acts include representing that
11   goods have characteristics or benefits they do not have, and representing that goods are "of a
12   particular standard, quality, or grade" when they actually are not. *Id.* The UCL, FAL, and CLRA,
13   along with common law fraud, all utilize the reasonable consumer standard, "which requires a
14   plaintiff to show potential deception of consumers acting reasonably in the circumstances — not
15   just any consumers." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see Ham v.*
16   *Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014).

### IV. DISCUSSION

**A. Fraud Claims**

19       In their original Complaint, Plaintiffs argued that Defendant had "misle[d] reasonable
20   consumers into believing that the Products will provide more benefits than its competitors and
21   induce[d] parents to purchase the Products despite a lack of evidence that an increased intake for
22   the nutrients advertised are appropriate or recommended for [children]." Complaint, Dkt. 1 ¶ 13.
23   Their fraud claims (also brought under the FAL, CLRA, UCL "fraudulent" prong, and common
24   law fraud) were dismissed because "no reasonable consumer would be misled by the inclusion of
25   truthful statements about nutrient contents on the front of the challenged labels." Dkt. 23, at 8.
26       Plaintiffs' new argument, as presented in the FAC, is still too mushy. They claim to make
27   two showings: first, that the labels communicate a message that the Products provide physical

health benefits for children; and second, that the Products are "harmful both nutritionally and developmentally." FAC ¶ 20. As to the first showing, Plaintiffs do not argue that the Products explicitly claim to provide physical health benefits, either by using words like "healthy," *see Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1094 (N.D. Cal. 2017), or more general phrases tying the nutrients to a healthy lifestyle, *see Coe v. General Mills, Inc.*, 2016 WL 4208287, at *1 (N.D. Cal. 2016) (label on cereal box claimed to provide "a great start to your day"). Plaintiffs thus argue that the labels implicitly tout the Products' health benefits. This theory has at least some limited support. *See Marek v. Molson Coors Beverage Co.*, 580 F. Supp. 3d 848, 853, 861–62 (N.D. Cal. 2022) (plaintiffs adequately pleaded that hard seltzer with label touting it contained "antioxidant Vitamin C" could mislead reasonable consumers into believing product was "healthy or healthier than other hard seltzers"); *Howard v. Hain Celestial Group, Inc.*, No. 22-cv-00527-VC (N.D. Cal. Oct. 19, 2022). For the purposes of surviving a motion to dismiss, Plaintiffs plausibly aver the Products' nutrient content claims imply they provide physical health benefits.

The second required showing, however, is harder to swallow. Plaintiffs suggest that the Products are harmful for children because they contain "high amounts of free sugars," FAC ¶ 50,[3] but they do not place this averment in context by describing at what point "high" sugar content crosses into harmful levels (or even why, in particular, these sugar levels are harmful). *Cf. Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 945 (N.D. Cal. 2017) (noting plaintiffs cited studies tying excess sugar intake to numerous adverse health conditions). Plaintiffs also argue that pouch-based foods may be unhealthy for developing children, *id.* ¶¶ 49–58, but they rely for support on speculative research conclusions and hypothetical scenarios to argue these products are harmful — for instance, that pouches "*may* lead to long term health risks," *id.* ¶ 51 (emphasis added), or may be harmful *if* overly relied on by parents, *see id.* ¶ 55–57, or "*can* be a

---

[3] As the FAC describes, puréeing food creates "free sugars" by breaking down the cell walls within fruits and vegetables, thus "liberating" the "intrinsic sugar" in those foods. FAC ¶ 49.

gateway to bad long-term snacking habits and routine overeating," *id.* ¶ 58 (emphasis added) (quotation marks omitted).[4] It is unclear from these averments why the Products are *per se* harmful, rather than harmful only after a series of contingencies outside the scope of this case. Finally, Plaintiffs do little to explain why, even if these averred harms exist, they outweigh any potential benefits of the Products — such as protein or fiber intake — such that the Products no longer provide any physical health benefits. *Cf. Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 n.3 ("[N]utritiousness can be difficult to measure concretely.").

The California Court of Appeal has cautioned against permitting food labeling claims that rely on inferential leaps and which could ultimately "place almost any advertisement truthfully touting a product's attributes at issue for litigation." Dkt. 23, at 9 (citing *Califia*, 44 Cal. App. 5th at 1139). Rule 9(b)'s heightened pleading standard, noted above, further requires plaintiffs to explain adequately why challenged statements are misleading. *See, e.g.*, *Clorox Co. v. Reckitt Benckiser Group PLC*, 398 F. Supp. 3d 623, 636 (N.D. Cal. 2019). These background principles, as well as a review of the face of the FAC, all lead to the conclusion that Plaintiffs have not provided enough to state plausibly that the Product labels are misleading. Therefore, the FAL claim, CLRA claim, UCL "fraudulent" prong claim, and common law fraud claim are dismissed, with leave to amend.

**B. Preemption of UCL "Unlawful" Prong Claim**

Defendant argues that Plaintiffs' claim under the "unlawful" prong of the UCL is preempted by federal law and must therefore be dismissed. Plaintiffs counter that this argument is both procedurally erroneous and substantively incorrect. On the former point, they point out that Federal Rule of Civil Procedure 12(g)(2) prohibits parties from raising, in a second Rule 12(b) motion, an argument that could have been raised in the first motion. Because preemption could have been raised in Defendant's first motion to dismiss, Plaintiffs argue that Defendant has waived its right to raise preemption now.

---

[4] Defendant also notes that some of the Products do not contain "free sugars," are not pouches, or both. *See* Dkt. 38, at 5–6.

Plaintiffs are technically correct. Ninth Circuit courts have interpreted Rule 12(g)(2) to bar successive arguments that could have been raised in an initial motion to dismiss, even where plaintiffs file an amended complaint. *E.g.*, *Gardner v. Starkist Co.*, 2020 WL 1531346, at *3 (N.D. Cal. Mar. 31, 2020) ("Because the allegations are not substantively different in the [second amended complaint], Starkist's argument could have been raised in its first motion to dismiss and its motion violates Rule 12(g)(2)'s ban on successive Rule 12(b) motions."); *see also Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) (discussing legal commentary and the practices of other federal circuits). However, "courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy." *Banko v. Apple, Inc.*, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013). Here, Defendant notes that it will simply reraise preemption in a Rule 12(c) motion for judgment on the pleadings if it is barred from raising the issue here. The interests of judicial economy weigh in favor of deciding the preemption question now, and therefore Defendant's motion to dismiss the UCL "unlawful" claim should be reached.

Substantively, Defendant argues that Plaintiffs' UCL "unlawful" claim is preempted because it is premised on a violation California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 110100(a), which "expressly adopted the Federal Food, Drug, and Cosmetic Act ('FDCA') regulations" that Plaintiffs aver have been violated by the Products' labeling. Dkt. 33, at 8. Defendant argues that because a violation of the Sherman Law requires a finding that the FDCA has been violated, and the FDCA, in turn, can be enforced only by the United States, Plaintiffs' claim is preempted. This is the same argument that was confronted in *Chong v. Kind LLC*, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022), which concluded a plaintiff could not bring suit under the Sherman Law because it "post-dates and is entirely dependent upon the FDCA, in that it expressly adopts the FDCA and regulations as state law." *Id.* at *4. Thus, the claims were impliedly preempted by the FDCA insofar as they "originate[d] from, [were] governed by, and terminate[d] according to federal law." *Id.* (quoting *Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1230 (9th Cir. 2013)).

Plaintiffs present valid arguments for why their claim should not be preempted, but they do not explain adequately why *Chong* should not be controlling here. Notwithstanding the contrary conclusions reached by others on this Court, without controlling guidance from the Ninth Circuit or the Supreme Court on the nature of preemption under the FDCA, there is no reason to depart from *Chong*'s earlier holding. The motion is therefore granted as to Plaintiffs' UCL "unlawful" prong claim. Because the defect is one of legal theory, not factual insufficiency, Plaintiffs are not granted leave to amend this claim.

### C. Unjust Enrichment

Defendant argues that Plaintiffs' claim for unjust enrichment must fail as a matter of law because there is no underlying basis for recovery. *See* Dkt. 33, at 12. Given that the first four claims have now been dismissed, there is no longer an underlying basis for recovery. Defendant is thus correct, and Plaintiffs' claim for unjust enrichment is dismissed as well, with leave to amend.

## V. CONCLUSION

For the foregoing reasons, the motion is granted, and the FAC is dismissed in its entirety. Plaintiffs are granted leave to amend with respect to their UCL "fraudulent" prong claim, FAL claim, CLRA claim, and common law fraud claim, as additional facts could render their claims plausible. Claim 5 is also dismissed with leave to amend. Claim 4 is dismissed without leave to amend. Any amended complaint must be filed within 21 days of the filing of this Order.

**IT IS SO ORDERED**.

Dated: October 21, 2022

_____
RICHARD SEEBORG
Chief United States District Judge