**GUTRIDE SAFIER LLP**
Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Marie A. McCrary (SBN 262670)
marie@gutridesafier.com
Hayley A. Reynolds (SBN 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs Gillian Davidson and Samuel Davidson.

**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
Elizabeth McNulty (SBN 192455)
Email: emcnulty@efsmmlaw.com
Christopher J. Waldon (SBN 310179)
Email: cwaldon@efsmmlaw.com
Christopher L. Brown (SBN 332001)
Email: cbrown@efsmmlaw.com
1 Park Plaza, Suite 500
Irvine, California 92614
Telephone: (949) 301-9464
Facsimile: (949) 966-0706

Attorneys for Defendant Sprout Foods, Inc.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLIAN DAVIDSON and SAMUEL DAVIDSON, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPROUT FOODS INC.,<br><br>Defendant. | Case No. 4:22-cv-01050-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Richard Seeborg |

The parties, Gillian Davidson and Samuel Davidson ("Plaintiffs") and Sprout Foods Inc., ("Defendant"), submit this Joint Case Management Statement pursuant to this Court's April 25, 2025 Order (ECF 60), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

**1.    Jurisdiction and Service**

On February 19, 2022, Plaintiffs commenced this putative class action by filing a Class Action Complaint in this Court. Defendant Sprout Foods Inc. was served on February 28, 2022. The Class Action Fairness Act of 2005, 28 U.S.C.A. § 1711, *et seq.*, provides the basis for the Court's subject matter jurisdiction over Plaintiffs' claims.

**2.    Facts:**

Plaintiffs' Statement:

Defendant manufactures, distributes, markets, advertises, and sells a variety of baby and toddler food products under the brand name "Sprout." Many of these products have packaging that predominately, uniformly, and consistently make nutrient content claims on the principal display panel of the product labels. The products are intended for children under the age of two. They are sold in the baby food aisle and labeled "6 Months & Up" on the principal display panel. Many of these products are baby food "pouches" that predominately, uniformly, and consistently make nutrient content claims, such as "plant protein power," and "2 grams of Plant Protein Power," on the principal display panel of the product labels (the "Products"). Plaintiffs allege that Defendant is unlawfully making nutrient content claims on the front of the Product labels when the FDA regulations explicitly prohibit nutrient content claims on food intended for children under two.

FDA regulations explicitly prohibit nutrient content claims on foods intended for children under the age of two. 21 C.F.R. § 101.13(b)(3). According to the regulations, an express nutrient content claim is "any direct statement about the level (or range) of a nutrient in the food." 21 C.F.R. § 101.13(b)(1). The Products, which are intended for children under two, include express nutrient content claims. For example, Defendant has a line of baby food

pouches called "Power Pak" that makes express nutrient content claims on the front label such as "3g of Protein, 5g of Fiber and 300mg Omega-3 from Chia ALA." *See also* 21 C.F.R. § 101.13(c)(3) ("Information that is required or permitted by § 101.9 or § 101.36, as applicable, to be declared in nutrition labeling, and that appears as part of the nutrition label, is not a nutrient content claim and is not subject to the requirements of this section. If such information is declared elsewhere on the label or in labeling, it is a nutrient content claim and is subject to the requirements for nutrient content claims."). These claims are unlawful.

Identical federal and California laws regulate the content of labels on packaged food and require truthful, accurate information on the labels of the packaged foods. Under California law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, sold, or possessed.

Consumers pay a price premium for baby food and toddler food products that make nutrient content claims. Therefore, Defendant can increase their sales and retain more profits by labeling their products as providing enhanced nutritional value. Defendant continues to launch new product lines with nutrient content claims to maintain their competitive edge, making it likely that Defendant will continue to advertise its Products unlawfully. For example, Defendant's website currently sells Products directly to consumers, and lists Sprout Foods, Inc. as the relevant entity in the terms of service. *See* https://sproutorganics.com/collections/all (last accessed May 7, 2025).

Plaintiffs Gillian Davidson and Samuel Davidson are California Consumers who purchased the Products for their child when their child was under the age of two because the labels contained nutrient content claims. They believed the Products would be physically beneficial for their child. Had Defendant not unlawfully labeled the Products, Plaintiffs would not have purchased them, or at the very minimum, would have paid less for the Products.

Defendant's Statement:

Plaintiffs' remaining causes of action lack merit.

First, Plaintiffs do not have Article III or statutory standing to bring this action based on statements they did not see and/or on products they did not purchase. To establish standing,

Plaintiffs must have relied on the statements they challenge and suffered damage as a result of their reliance—a showing that Plaintiffs cannot make as to most (if not all) of the identified products.

Second, Plaintiffs' UCL "unlawful" claim fails as to certain label statements that are expressly allowed by FDA regulations. For instance, Plaintiff challenges statements like "3g Protein," "5g Fiber" and "300mg Omega 3 from Chia ALA" as unlawful "implied nutrient content claims." But statements that describe the amount of a nutrient without characterizing the level of that nutrient are not implied nutrient content claims. Rather, they are legal, expressly permitted quantitative statements that do not violate FDA regulations.

Third, regarding Plaintiffs' equitable claims, Defendant Sprout Foods, Inc. no longer carries out any business activities, though it remains an active legal entity. It therefore no longer sells any of the products about which Plaintiffs complain, or indeed any products at all. Accordingly, Plaintiffs cannot meet the requirements for injunctive relief, as neither Plaintiffs nor other putative class members can show any ongoing or imminent irreparable harm regarding products which Defendant no longer offers for sale.

Fourth and finally, there is no basis in law or fact to certify a class in this case or to appoint Plaintiff as class representative.

**3.    Legal Issues:**

Plaintiffs' Statement:

Plaintiffs allege a violation of the unlawful prong of Business and Professions Code § 17200, *et seq.* ("UCL"), and Unjust Enrichment.

Defendant's Statement:

Defendant denies liability under Plaintiffs' remaining causes of action, denies that Plaintiffs are entitled to the equitable relief they seek and denies that there is any legal basis to certify a class in this case or to appoint Plaintiffs as class representatives.

4.  **Motions:**

Plaintiffs' Statement:

Plaintiffs anticipate filing a motion for class certification. Plaintiffs are hopeful that the parties will be able to resolve all their discovery disputes without the assistance of this Court, but disagreements about discovery are common in complex matters, and Plaintiffs may need to seek guidance on the scope or timing of that discovery. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

Defendant's Statement:

Defendant intends to file a dispositive motion on some or all of the remaining causes of action and remedies sought, including Plaintiffs' moot claim for injunctive relief against a non-trading entity.

Defendant intends to oppose Plaintiffs' anticipated motion for class certification.

5.  **Amendment of Pleadings:**

Plaintiffs' Statement:

Plaintiffs filed their first amended complaint on August 10, 2022. ECF 29. Depending on facts learned in discovery, Plaintiffs may seek to modify the proposed class. Moreover, as this is a class action, additional plaintiffs may seek to intervene or be added. Plaintiffs propose a deadline for amending pleadings nine (9) months after Defendant files its answer.

Defendant's Statement:

Defendant has yet to file its responsive pleading in this action and reserves the right to amend that pleading as necessary based on discovery and/or new facts learned during the pendency of this case.

6.  **Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiffs' Statement:

Plaintiffs have preserved evidence in their possession, custody, or control.

Defendant's Statement:

Defendant has preserved evidence in its possession, custody, or control.

**7. Disclosures:**

The parties exchanged initial disclosures in September 2022.

**8. Discovery:**

The parties have stipulated to, and the Court has ordered, an ESI Protocol (ECF 25) and Protective Order (ECF 27) in this case.

Plaintiffs' Statement:

Plaintiffs served interrogatories and requests for production on Defendant on June 13, 2022. Defendant served objections to Plaintiffs' discovery requests and did not provide a substantive response to any of the interrogatories and did not produce (or agree to produce) any responsive documents. The parties will meet and confer to agree upon a deadline for Defendant to respond to the outstanding discovery requests.

Plaintiffs may also subpoena third parties. Plaintiffs also anticipate deposing Defendant pursuant to Fed. R. Civ. Pro. 30(b)(6) and Defendant's employees with knowledge relevant to Plaintiffs' claims.

Defendant's Statement:

Defendant intends to depose Plaintiffs and any additional witnesses with personal knowledge about Plaintiffs' alleged awareness about and/or purchases of the products at issue in this case. Defendant also intends to propound requests for admission, special interrogatories and requests for production of all documents related to the allegations in the remaining causes of action in the Amended Complaint. Defendant intends to meet and confer with Plaintiffs concerning the above-described discovery issues.

**9. Class Action Matters:**

<u>Plaintiffs' Statement</u>:

Plaintiffs make the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b). Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

- <u>Class</u>: All persons in the State of California who purchased the Products between February 18, 2018 and the present.

Plaintiffs contend that this action involves common questions of law and fact to the Classes because each Class member's claim derives from unlawful statements and omissions that led them to rely on the unlawful nutrient content claims on the Product labels. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right to each member of the Classes to recover. The questions of law and fact common the Classes are:

a. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are unlawful;

b. Whether Defendant's actions violate Federal and California laws invoked herein;

c. Whether labeling the Products with unlawful nutrient content claims causes the Products to command a price premium in the market as compared with similar products that do not make such unlawful claims;

d. Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

e. The amount of profits and revenues earned by Defendant as a result of the conduct;

f. Whether class members are entitled to restitution, injunctive, and other equitable relief and, if so, what is the nature (and amount) of such relief; and

g. Whether class members are entitled to payment of actual, incidental, consequential, exemplary, and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

Plaintiffs contend that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

Defendant's Statement:

Defendant contends that there is no basis in law or fact to certify a class in this case or to appoint Plaintiff as class representative.

**10.   Related Cases**

The parties do not currently seek to deem any other pending cases "related" to this case.

**11.   Relief:**

Plaintiffs' Statement:

As set forth in the First Amended Complaint, Plaintiffs seek damages, restitution, injunctive relief, costs, attorneys' fees, and any other relief that the Court may deem just and proper.

Defendant's Statement:

Defendant contends that Plaintiffs are not entitled to any monetary damages, as all causes of action supporting that claimed relief have been dismissed with prejudice by this Court. Defendant further denies that Plaintiffs can establish the elements of equitable relief as claimed, including injunctive relief and restitution. Defendant further denies that Plaintiffs are entitled to recover their attorney fees or costs of this action.

Defendant's requested relief is that Plaintiffs' claims be dismissed in their entirety, with prejudice.

**12.   Settlement and ADR:**

No formal ADR efforts have been made to date. The Parties are open to informal settlement discussions and a private mediation.

**13.   Assignment to Judge Richard Seeborg for All Purposes:**

The case was assigned to Judge Richard Seeborg for all purposes on April 7, 2022 (ECF 14).

**14.     Other References:**

At this time, the Parties do not believe that these cases are suitable for MDL treatment or reference to binding arbitration or a special master.

**15.     Narrowing of Issues:**

The Parties do not propose any methods to narrow the issues.

**16.     Expedited Trial Procedure:**

The Parties do not believe this case is suitable for treatment on an expedited basis.

**17.     Scheduling:**

The Parties have proposed a schedule for briefing on the anticipated motion for class certification below. The Parties propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the parties will be better able to assess the remaining discovery and experts needed.

The Parties' Proposed Class Certification Schedule

| Brief | Deadline |
| --- | --- |
| Deadline for Defendant to file its answer to the operative complaint | May 29, 2025 |
| Deadline for Plaintiffs to file their motion for class certification and any expert report(s) in support thereof | January 29, 2026 |
| Deadline for Defendant to file its opposition to the motion for class certification and any expert report(s) in support thereof | March 26, 2026 |
| Deadline for Plaintiffs to file their reply in support of the motion for class certification | May 21, 2026 |

**18.     Trial:**

The Parties believe it is premature to estimate the length of the trial at this time.

**19.     Disclosure of Non-Party Interested Entities or Persons:**

<u>Plaintiffs' Statement</u>:

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

Plaintiffs Gillian Davidson and Samuel Davidson.

Putative class members

<u>Defendant's Statement</u>:

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

Sprout Foods, Inc.

Sprout Organics

Neptune Wellness Solutions, Inc.

**20.     Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters:**

None at this time.

[signatures on following page]

| | |
|---|---|
| Dated: May 8, 2025 | **GUTRIDE SAFIER LLP**<br>By: /s/*Hayley Reynolds*<br>Seth Safier (State Bar No. 197427)<br>Marie A. McCrary (State Bar No. 262670)<br>Hayley Reynolds (State Bar No. 306427)<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone: (415) 639-9090<br>Facsimile: (415) 449-6469<br><br>Attorneys for Plaintiffs Gillian Davidson and Samuel Davidson. |
| Dated: May 8, 2025 | **EVANS FEARS SCHUTTERT MCNULTY MICKUS**<br><br>By: /s/*Elizabeth McNulty*<br>Elizabeth McNulty (SBN 192455)<br>Email: emcnulty@efsmmlaw.com<br>Christopher J. Waldon (SBN 310179)<br>Email: cwaldon@efsmmlaw.com<br>Christopher L. Brown (SBN 332001)<br>Email: cbrown@efsmmlaw.com<br>1 Park Plaza, Suite 500<br>Irvine, California 92614<br>Telephone: (949) 301-9464<br>Facsimile: (949) 966-0706<br><br>Attorneys for Defendant Sprout Foods Inc. |

ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: May 8, 2025

>*/s/Hayley Reynolds*
>Hayley A. Reynolds
>GUTRIDE SAFIER LLP
>100 Pine Street, Suite 1250
>San Francisco, CA 94111
>Telephone:  (415) 639-9090
>Facsimile:  (415) 449-6469
>
>*Attorneys for* Plaintiffs